UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **ELIAS SAMIA** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 4:24-cv-40070-MRG |
| **MATTHEW DIVRIS** | ) ) ) | |
| Respondent. | ) ) | |

### ORDER ON MOTION TO DISMISS [ECF No. 15]

**GUZMAN, J.**

I. **Introduction**

Proceeding *pro se*, Elias Samia ("Petitioner") brings a Petition for Writ of Habeas corpus under 28 U.S.C. § 2254 raising four grounds for relief. Respondent Matthew Divris, Superintendent of North Central Correctional Institution, moves to dismiss the petition, arguing Petitioner's claims are unexhausted or do not provide a legal basis for relief. [See ECF No. 15]. For the reasons stated below, the Court considers the failure to exhaust and finds Ground Three was not exhausted in the state court. Accordingly, the Court will give the Petitioner leave to amend the petition to voluntarily dismiss Ground Three.

II. **Legal Standards**

In Rose v. Lundy, the Supreme Court instituted a "total exhaustion" rule, which requires district courts to dismiss habeas petitions containing both unexhausted and exhausted claims.[1] 455 U.S. 509, 522 (1982). "The exhaustion requirement is born of the principle that as a matter of

---

[1] Petitions that contain both exhausted and unexhausted claims are referred to as "mixed petitions."

1

comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Putnam v. Alves, No. 22-10038, 2023 U.S. Dist. LEXIS 40483, at *8 (D. Mass. Mar. 10, 2023) (citing Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011)). It is the responsibility of the petitioner to show that he "fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim" in a manner that is "face-up and squar[e]." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). To meet the exhaustion requirement, a "petitioner must demonstrate that he tendered each claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Id. This can be achieved through "reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and the assertion of a state-law claim that is functionally identical to a federal constitutional claim." Coningford, 640 F.3d at 482. "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." Durand v. Goguen, 388 F. Supp. 3d 54, 59 (D. Mass. 2019) (quoting Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007)). As the SJC offers discretionary review over the MAC, "exhaustion requires that the issue must be raised 'within the four corners of the ALOFAR." Id. (quoting Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 820 (1st Cir. 1988)).

Petitioners must exhaust both the legal theory and the factual allegations of their habeas claim. Fahey v. Dickhaut, No. 92-40131, 1994 U.S. Dist. LEXIS 9955, at *6 (D. Mass. July 15, 1994); Gagne v. Fair, 835 F.2d 6, 9 (1st Cir. 1987) ("if a petitioner 'presents new legal theories or new factual allegations in federal court that transform his claim or cast it in a significantly different

light,' the claim is not exhausted.") (quoting Domaingue v. Butterworth, 641 F.2d 8, 12 (1st Cir. 1981))). "Petitioner[s] [are] not precluded from some reformulation of the claims [they] made in the state courts, since exhaustion requires only that 'the substance of a federal habeas corpus claim must first be presented to the state courts.'" Lanigan v. Maloney, 853 F.2d 40, 44 (1st Cir. 1988) (quoting Williams v. Holbrook, 691 F.2d 3, 6 (1st Cir. 1982)). However, the First Circuit has also cautioned that "'some claims of constitutional violations – such as ineffective assistance of counsel or unfair trial – encompass an almost limitless range of errors,' and thus the exhaustion analysis with respect to the factual allegations is more stringent." Fahey, 1994 U.S. Dist. LEXIS 9955, at *6 (quoting Lanigan, 853 F.2d at 45). Accordingly, a "petitioner must present the state court with precisely the same underpinnings of his ineffective assistance of counsel argument that the petitioner wishes to use to support his claim in his federal habeas corpus petition." Id. at *7 (citing Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987)).

In the years since Rose v. Lundy was decided, district courts are no longer required to automatically dismiss habeas petitions that contain a mix of exhausted and unexhausted claims. Instead, courts have three options for handling such petitions: (1) dismiss the petition without prejudice, (2) stay the case while the petitioner exhausts state court remedies, or (3) allow the petitioner to amend their petition and voluntarily dismiss the unexhausted claims. DeLong v. Dickhaut, 715 F.3d 382, 386-87 (1st Cir. 2013). The First Circuit recommends the third option as best practice, encouraging district courts to give petitioners the opportunity to dismiss unexhausted claims. Id. at 387. However, the First Circuit has also stated that a habeas petition that presents facts to the federal court different from those presented to the state courts should be dismissed, allowing state courts the initial opportunity to address the claim. Fahey, 1994 U.S. Dist. LEXIS 9955, at *7.

### III.     Discussion

In Ground Three of his petition, the Petitioner asserts that he received ineffective assistance of counsel in three ways. [ECF No. 1 at 8]. First, he claims that his trial counsel allowed the Commonwealth to correct the misstatement of an unnamed witness. Id. Second, he states that his trial counsel was ineffective for refusing to call an allegedly key witness on his behalf. Id. Lastly, he claims that his appellate counsel should have raised an appellate issue regarding the exclusion of an unnamed witness's testimony at trial. Id.

As the Respondent notes, the Petitioner's motion for new trial raised ineffective assistance by his trial attorney for a reason different than those articulated in his habeas petition. Specifically, the Petitioner argued that his trial counsel was ineffective by not introducing evidence of historical weather data to undermine testimony introduced by the Commonwealth. See Commonwealth v. Samia, 492 Mass. 135, 140 (2023). The Petitioner renewed this claim to the SJC, which rejected it on the merits. Id. at 157-60. A "petitioner must present the state court with precisely the same underpinnings of his ineffective assistance of counsel argument that the petitioner wishes to use to support his claim in his federal habeas corpus petition." Fahey, 1994 U.S. Dist. LEXIS 9955, at *7 (citation omitted). Because the basis for the Petitioner's ineffective assistance claim on appeal differs from the bases he now raises, Ground Three of the habeas petition is unexhausted and cannot be a ground for relief. See 28 U.S.C. § 2254(b)(1)(A).

The Petitioner argues that Ground Three of his petition was exhausted "in spirit." [ECF No. 19 at 1]. He further seeks a stay so he can exhaust this claim at the state level. [Id.] In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court approved the use of the stay-and-abeyance procedure, see id. at 278, but stipulated that the procedure should be used only in "limited

4

circumstances," id. at 277. In Rhines, the Court set out three preconditions for the grant of a stay and abeyance to a habeas petitioner:

> First, the petitioner must show good cause for his failure to have exhausted a particular claim in state court. Second, the petitioner must show that the particular claim is not "plainly meritless." Third, the petitioner must show that he has not engaged in any "abusive litigation tactics or intentional delay" touching upon the prosecution of the claim.

Sena v. Kenneway, 997 F.3d 378, 384 (1st Cir. 2021) (citing Rhines, 544 U.S. at 277-78). The Petitioner here fails on the first precondition. As "good cause" for issuing a stay, Petitioner asserts that his counsel "refused to bring the issue forward on appeal." [ECF No. 19 at 1]. This reason is insufficient as the First Circuit has held that "the strategic omission of claims [by counsel] on direct appeal does not constitute good cause for the failure to exhaust those claims." Sena, 997 F.3d at 386 (citing Clements v. Maloney, 485 F.3d 158, 170-71 (1st Cir. 2007)). Even if the omission of the issue on appeal "was the product of ignorance or inadvertence, the First Circuit has held that an attorney's '[i]gnorance of the law does not constitute good cause' . . . ." Sullivan v. Saba, 840 F. Supp. 2d 429, 437 (D. Mass. 2012) (quoting Gaouette v. O'Brien, No. 07-12202-MLW, 2010 U.S. Dist. LEXIS 134435, at *1 (D. Mass. Dec. 20, 2010); Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir. 2007)).

Confronting a mixed petition containing both exhausted and unexhausted claims, the Court follows the guidance of the First Circuit and will allow the Petitioner to amend his petition and voluntarily dismiss the unexhausted claim. See DeLong, 715 F.3d at 386-87. The Court declines to reach the merits of the Respondent's other arguments raised in his motion to dismiss at this time.

**IV.     Conclusion**

The Petitioner will have 45 days from the issuance of this order (until May 1, 2025) to file an amended petition that does not include Ground Three. At that time, Respondent shall have

another opportunity to move to dismiss the amended petition and may restate any arguments stated in his current opposition, as applicable. Accordingly, the Respondent's present motion to dismiss [ECF No. 15] is **DENIED with leave to refile**. If the Petitioner fails to file an amended petition deleting Ground Three by May 1, 2025, his petition will be subject to complete dismissal.

**SO ORDERED.**

Dated: March 17, 2025

                                                /s/ Margaret R. Guzman
                                                Margaret R. Guzman
                                                United States District Judge